1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY LYLE TARKINGTON
     and GRANVIL K. BELL, III.,

11
                  Plaintiffs,                    No. CIV S-06-1021 DFL DAD P
12
             vs.
13
     JEANNE WOODFORD, et al.,
14
                  Defendants.                    ORDER
15
     _____/
16

17            Plaintiffs are state prisoners proceeding pro se with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Although the complaint has been signed by both plaintiffs, an application

19   to proceed in forma pauperis has been submitted only by plaintiff Tarkington.

20            Plaintiffs' claims arise from a June 14, 2005 altercation allegedly between warring

21   gang members at California State Prison-Sacramento (CSP-Sacramento).  Several prisoners were

22   involved and during the riot, plaintiff Bell was stabbed by another inmate and plaintiff

23   Tarkington was shot by correctional staff.  Following a disciplinary hearing, it was determined

24   that plaintiff Bell was a victim of an inmate attack, and plaintiff Tarkington was found guilty of

25   participating in the riot.  Plaintiffs claim that defendants failed to protect them from assault by

26   other inmates, that defendants used excessive force when they shot plaintiff Tarkington, that

                                              1

1  defendants violated plaintiff Bell's due process rights by failing to process his inmate grievances,

2  and that the defendants conspired to cover-up a their past and present use of excessive force, their

3  failures to protect, and their false labeling of plaintiff Tarkington as a gang leader. Plaintiffs seek

4  $50,000 in nominal damages, $250,000 in compensatory damages, $500,000 in punitive

5  damages, declaratory judgment, and injunctive relief.

6          This court has determined that each plaintiff should proceed separately on his own

7  claim.  The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by

8  order of the court on motion of any party or of its own initiative at any stage of the action and on

9  such terms as are just.  Any claim against a party may be severed and proceeded with separately."

10 Fed. R. Civ. P. 21.  Courts have broad discretion regarding severance.  See Davis v. Mason

11 County, 927 F.2d 1473, 1479 (9th Cir. 1991).

12         In the instant action, plaintiffs are individuals in the custody of the California

13 Department of Corrections and Rehabilitation, presently confined at CSP-Sacramento.  In this

14 court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents

15 procedural problems that cause delay and confusion.  Delay often arises from the frequent

16 transfer of inmates to other facilities or institutions, the changes in address that occur when

17 inmates are released to parole, and the difficulties faced by inmates who attempt to communicate

18 with each other and with unincarcerated individuals.

19         Accordingly, the court will order that plaintiffs' claims be severed.  Plaintiff

20 Anthony Tarkington will proceed in this action, while plaintiff Granvil Bell III will proceed in a

21 new civil action to be opened by the Clerk of the Court.  Each plaintiff will proceed with his own

22 action and will be solely responsible for his own action.

23         The Clerk of the Court will be directed to assign the new action to the same

24 district judge and magistrate judge assigned to the instant action.  The Clerk of the Court shall

25 make appropriate adjustment in the assignment of civil cases to compensate for this

26 reassignment.

1    Each plaintiff will be given thirty days to file, in his own action, an amended

2    complaint using the form complaint provided by the court with this order.   Plaintiffs should

3    attach to their amended complaint copies of the rule violation report issued against them, the

4    administrative hearing decisions, as well as, copies of their inmate grievances and decisions.

5    Lastly, plaintiff Bell will be ordered to submit the $350.00 filing fee or to file an application

6    requesting leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(b).

7        In accordance with the above, IT IS HEREBY ORDERED that:

8        1.  The claims of plaintiff Granvil K. Bell, III are severed from the claims of

9    plaintiff Anthony Lyle Tarkington;

10       2.  Plaintiff Tarkington shall proceed as the sole plaintiff in case No. CIV S- 06-

11   1021 DFL DAD P;

12       3.  The Clerk of the Court is directed to:

13           a.  Open a separate civil action for plaintiff Granvil K. Bell III;

14           b.  Assign the new action to the district judge and magistrate judge to

15   whom the instant case is assigned and make appropriate adjustment in the

16   assignment of civil cases to compensate for such assignment;

17           c.  File and docket a copy of this order in the file opened for plaintiff

18   Granvil K. Bell III;

19           d.  Place a copy of the complaint filed on May 10, 2006 in the file opened

20   for plaintiff Granvil K. Bell III;

21           e.  Strike from the caption of each plaintiff's complaint, the other

22   plaintiff's name; and

23           f.  Send each plaintiff an endorsed copy of his complaint bearing the

24   amended caption and the case number assigned to his own individual action.

25       4.  The complaint in each action is dismissed;

26   /////

1   5.  The Clerk of the Court is directed to send each plaintiff the court's form

2   complaint for a § 1983 action;

3   6.  The Clerk of the Court is directed to send plaintiff Granvil K. Bell III an

4   Application to Proceed In Forma Pauperis By a Prisoner; and plaintiff Bell is granted thirty days

5   from the service of this order to file his application to proceed in forma pauperis or submit the

6   appropriate filing fee;

7   7.  Each plaintiff is granted thirty days from the date of service of this order to file

8   an amended complaint as set forth above and to use the form complaint provided by the court.

9   Each plaintiff's documents must bear the docket number assigned to his own individual case, and

10  each complaint must be labeled "Amended Complaint."  Each plaintiff must file an original and

11  two copies of his amended complaint.  Failure to file an amended complaint or an application to

12  proceed in forma pauperis in accordance with this order will result in a recommendation that the

13  plaintiff's action be dismissed.

14  DATED: January 16, 2007.

15

16

17                                    DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE
18  DAD:4
    tark1021.2
19

20

21

22

23

24

25

26