1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY LYLE TARKINGTON,

11                  Plaintiff,                    No. CIV S-06-1021 RRB DAD P

12         vs.

13   JEANNE WOODFORD, et al.,

14                  Defendants.                   ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20            Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u>

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

                                         1

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

Before the court is plaintiff's amended complaint, filed on February 20, 2007.[1] The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

---

[1] On February 12, 2007, plaintiff requested an extension of time to file his amended complaint.  The request is granted nunc pro tunc.

1   must contain factual allegations sufficient "to raise a right to relief above the speculative level."

2   Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

3   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

4   Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

5   plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

6   (1969).

7          Here, plaintiff's claims appear to arise from a June 14, 2005 altercation at

8   California State Prison-Sacramento (CSP-Sacramento) between inmates associated with the

9   Bloods and the Crips gangs.  During the riot, plaintiff contends that he was defending himself

10  from attack by a Crips inmate when he was shot in the head by defendant correctional officer

11  Fields.  Plaintiff names fifteen defendants and presents three claims for relief.  Specifically the

12  complaint presents the following three claims: (1) an Eighth Amendment claim based on the

13  defendants' alleged failure to protect plaintiff from the inmate attack; (2) an Eighth Amendment

14  claim that the defendants used excessive force against plaintiff; and (3) a conspiracy claim

15  brought under the First, Eighth and Fourteenth Amendment alleging to cover-up the defendants'

16  pattern of using excessive force against plaintiff, failing to protect plaintiff, retaliating against

17  plaintiff for filing grievances, and falsely labeling plaintiff a Blood gang leader.  Plaintiff seeks

18  $250,000 in compensatory damages, $50,000 in nominal damages and $500,000 in punitive

19  damages, declaratory and injunctive relief.

20         For the reasons described below, the court finds the allegations in plaintiff's

21  complaint to be so vague and conclusory that the court is unable to determine whether the current

22  action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and

23  plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

24  flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts

25  that support the elements of the claim plainly and succinctly.  Jones v. Community Redev.

26  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

1    particularity overt acts which defendants engaged in that support his claims.  Id.  Because

2    plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended

3    complaint must be dismissed.  The court will, however, grant leave to file a second amended

4    complaint and provides the following legal standards for plaintiff's claims.

5          It is well established that a prison official's deliberate indifference to a substantial

6    risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth

7    Amendment.  See Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509

8    U.S. 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S.

9    97, 104 (1976).  In Farmer, the Supreme Court held that to show deliberate indifference, the

10   official must know of and disregard an excessive risk to the inmate's health or safety.  Id. at 837.

11   Plaintiff's allegations do not demonstrate that any of the defendants were deliberately indifferent

12   about his safety.  The rule violation report charging plaintiff with participation in a riot was

13   written by defendant correctional officer Zamudio.  In that report, defendant Zamudio states that

14   while he was performing his duties, he observed inmate Courtney "palming what appeared to be

15   an inmate manufactured weapon in his right hand."  (Am. Compl., Ex. I (Rule Violation Report),

16   at 1.)  Defendant Zamudio reported that moments later he entered the yard and observed inmates

17   from the Bloods gang, congregating in one area of the yard and explains:

18          All of a sudden, I heard someone yell out, 'Get 'em' and the
            CRIPS ran towards the BLOODS and a stabbing assault began . . . .
19          Then I observed a BLOOD leader, who I recognized as
            TARKINGTON (K-77484) fighting with inmate COURTNEY by
20          the dip bars and after TARKINGTON was shot in the back of the
            head with an impact round, COURTNEY dropped the weapon,
21          which I had earlier seen him palming.

22   (Id. at 1-2.)  The report suggests that the riot was unexpected and escalated quickly.  Plaintiff has

23   not set forth any factual allegations which would demonstrate that defendant Zamudio, or any

24   /////

25   /////

26   /////

1   other defendant, was deliberately indifferent to plaintiff's safety or was informed in advance

2   that inmate Courtney posed a threat to plaintiff's safety.[2]

3         Moreover, in order to state an Eighth Amendment claim for excessive use of

4   force, plaintiff must allege facts demonstrating that force was not applied in a good faith effort to

5   maintain or restore discipline, but maliciously and sadistically to cause harm.  Hudson v.

6   McMillan, 503 U.S. 1, 7 (1992).  Plaintiff contends that defendant Fields shot him in the head

7   but plaintiff provides no other factual allegations in this regard.  In his amended complaint,

8   plaintiff also refers to defendant Zamudio's report in which it is explained how Zamudio

9   immediately reported the riot by using his radio, that he used an entire can of pepper spray but

10  that the fighting persisted, and that fighting continued even after he used his side-handled baton.

11  (Am. Compl. at 14.)  It appears that the fighting among prisoners stopped only after shots were

12  fired.  (Id.)  If plaintiff intends to proceed with this claim, he must provide additional allegations

13  explaining how each named defendant was involved, and how their use of force was not applied

14  in a good faith effort to stop the riot and to restore order.

15        Finally, as to plaintiff's conspiracy claim, it appears that plaintiff is claiming that

16  there was a conspiracy to cover-up the following four unlawful acts:  (1) the use of excessive

17  force, (2) the failure to protect plaintiff, (3) retaliation against plaintiff because of the grievances

18  he has filed, and (4) falsely labeling plaintiff a Blood gang leader.  Plaintiff is advised that in

19  order to state a conspiracy claim under § 1983, he must set forth allegations demonstrating that

20  there was an agreement among the defendants to violate plaintiff's constitutional rights, and that

21  there was an actual deprivation of his constitutional rights as a result of the conspiracy.  See

22  Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989).  Plaintiff has

23  merely alleged that all defendants are involved in a conspiracy and that there is a "Green Walls

24
25  _____
    [2]   The court notes that plaintiff asserts that he is not a gang member.  Given that
    allegation, plaintiff will be required to allege facts explaining how the defendants should have
    known that inmate Courtney would attack plaintiff and how each named defendant was
26  deliberately indifferent about plaintiff's safety in connection with this incident.

1    'Code of Silence' unwritten policies and practices" which allows the defendants to have an "on-

2    going conspiracy to deliberately and intentionally cover-up plaintiff's rights to be free from cruel

3    and unusual punishment in the form of deprivation of personal safety, failure to protect, to be

4    free from excessive use of force, to be from reprisals and retaliatory actions taken against

5    plaintiff for filing grievances and falsely labeling plaintiff as a Blood Gang Leader without

6    plaintiff being afforded Due Process to defend against these false/insufficient allegations . . . ."

7    (Am. Compl. at 36.)  If plaintiff intends to proceed with a conspiracy claim, he must identify

8    each objective of the conspiracy and for that objective, clarify which defendants were involved,

9    provide factual allegations demonstrating an agreement to participate in the conspiracy, and

10   explain how he was harmed by the conspiracy.  Plaintiff is cautioned that the objective of the

11   conspiracy must be to deprive plaintiff of his constitutional rights.[3]

12          The second amended complaint must allege in specific terms how each named

13   defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42

14   U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

15   and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d

16   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

17   conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

18   Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  In addition, supervisory personnel are

19   generally not liable under § 1983 for the actions of their employees under a theory of respondeat

20   superior and, therefore, when a named defendant holds a supervisorial position, the causal link

21   between him and the claimed constitutional violation must be specifically alleged.  See Fayle v.

22   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

23

24          [3]  If plaintiff is claiming that a conspiracy existed to improperly label him a gang member,
     he must allege facts explaining how such a label violates his constitutional rights and how he has
25   been harmed as a result.  Moreover, with respect to his claim that a conspiracy existed to retaliate
     against him because of the grievances he filed, plaintiff must describe the subject of the
     grievance he filed, provide the date the grievance was filed and explain how each of the
26   defendants were involved in retaliating against him.

1 1978).  Vague and conclusory allegations concerning the involvement of official personnel in

2 civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

3 Cir. 1982).

4        Plaintiff is informed that the court cannot refer to a prior pleading in order to

5 make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that the

6 second amended complaint be complete in itself without reference to any prior pleading.  This is

7 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

8 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

9 prior pleading no longer serves any function in the case.  Therefore, in a second amended

10 complaint, as in an original complaint, each claim and the involvement of each defendant must

11 be sufficiently alleged.

12        In accordance with the above, IT IS HEREBY ORDERED that:

13        1.  Plaintiff's February 20, 2007 application to proceed in forma pauperis is

14 granted.

15        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

16 The fee shall be collected and paid in accordance with this court's order to the Director of the

17 California Department of Corrections and Rehabilitation filed concurrently herewith.

18        3.  Plaintiff's February 12, 2007 request for an extension of time to file his

19 amended complaint is granted nunc pro tunc.

20        4.  Plaintiff's amended complaint is dismissed.

21        5.  Plaintiff is granted thirty days from the date of service of this order to file a

22 second amended complaint that complies with the requirements of the Civil Rights Act, the

23 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

24 must bear the docket number assigned to this case and must be labeled "Second Amended

25 Complaint"; plaintiff must use the form complaint provided by the court; and failure to file a

26 /////

second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

      6. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: December 11, 2007.

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tark1021.14