UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LYLE TARKINGTON ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> JEANNE WOODFORD, ET AL. ) <br> ) <br> ) <br> **Defendants.** ) <br> ) <br> _____ ) | CASE NO. 2:06-CV-1021-DOC <br><br><br> **ORDER** |

Plaintiff Anthony Lyle Tarkington ("Plaintiff") is a prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's request to proceed in forma pauperis was granted on December 12, 2007. Also on December 12, 2007, Plaintiff was required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).

Under 28 U.S.C. § 1915A, this Court must "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary

relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). This Court must therefore determine whether Mr. Smith's Complaint states a cognizable claim for relief with respect to each named defendant.

On December 12, 2007, Judge Dale Drozd dismissed Plaintiff's First Amended Complaint for failure to comply with the requirements of the Civil Rights Act, Federal Rules of Civil Procedure and Local Rules of Practice. More specifically, Judge Drozd found that Plaintiff's claims were "so vague and conclusory that the court [was] unable to determine whether the current action [was] frivolous or fail[ed] to state a claim for relief. Further, the complaint did not state a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Plaintiff was given 30 days from the date of the December 12, 2007 Order to file a second amended complaint.

On January 10, 2008, Plaintiff filed the Second Amended Complaint presently at issue. The Court has reviewed Plaintiff's Second Amended Complaint and, for the foregoing reasons, determined that it states claims that are almost entirely duplicative of those asserted in his First Amended Complaint and are, therefore, vague and conclusory.

**I. Legal Standard**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizon*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive a dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. In reviewing a complaint under this standard, the Court must

accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of 1983, if he does an affirmatives act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Finally, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**II. Discussion**

In his complaint, Plaintiff has named as defendants Jeanne Woodford, Director of the CDC; Scott Kernan; J. Walker; R. Hill, Captain at New Folsom Prison SAC-CSP; D.L. Porter, Captain at New Folsom Prison SAC-CSP; B. Holmes; J. Flint, Third Watch Lieutenant On C-Facility at New Folsom Prison SAC-CSP; K. Brandon, Second Watch Lieutenant on B-Facility at New Folsom Prison SAC-CSP; M. Feryance, Second Watch Lieutenant on B-Facility at New Folsom Prison SAC-CSP; T.K. Brown; G. Moreno; S. Goldman, Third Watch Sergeant on C-Facility at New Folsom Prison SAC-CSP; C.P. Zamudio, Jr., Second

Watch Correctional Officer on C-Facility at New Folsom Prison SAC-CSP; Y. Fields, Second Watch Correctional Officer on C-Facility at New Folsom Prison SAC-CSP; D.L. Fields, Correctional Officer at B-Facility at New Folsom Prison SAC-CSP; and M. Swett, Second Watch Correctional Officer on B-FAcility at New Folsom Prison SAC-CSP (collectively "Defendants"). Plaintiff sues Defendants under the First, Eighth and Fourteenth Amendments.

Plaintiff's complaint arises from an alleged June 14, 2005 altercation at California Sate Prison-Sacramento (CSP-Sacramento) between inmates associated with the Bloods and Crips gangs. Plaintiff alleges that Defendant Zamudio failed to "take swift action" that could have prevented Officer Fields from shooting Plaintiff during a prison riot. The details of the altercation and/or riot at issue are laid out in the previously filed complaint. Plaintiff asserts that the riot/altercation at issue involved the violation of the Eighth Amendment based on Defendants' alleged failure to protect Plaintiff from inmate attack; an Eighth Amendment claim that the Defendants used excessive force against Plaintiff; and a conspiracy claim brought under the First, Eighth and Fourteenth Amendments alleging a cover-up of the Defendant's pattern of using excessive force against Plaintiff, failing to protect Plaintiff, retaliating against Plaintiff for filing grievances, and falsely labeling Plaintiff as a Blood gang leader.

Pursuant to the two previous dismissals in this matter, the Court finds that the Second Amended Complaint does not state a cognizable claim. Plaintiff has essentially resubmitted the same pleadings as the amended complaint dismissed by the former court on December 12, 2007. The 21-page Second Amended Complaint has minor changes, occasionally deleting a few pages, reordering the pages, and deleting pertinent details of the events at issue. The request for relief also requests different monetary damage amounts. The Plaintiff is ill-advised in simply refiling a virtually identical complaint to one that has already been dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE.

DATED: May 19, 2009

DAVID O. CARTER
United States District Judge
Sitting by Designation